UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PHILLIPS<br><br>           Plaintiff,<br><br>   v.<br><br>FULTON-EL CAMINO RECREATION &<br>PARKS DISTRICT and DOES 1 to 50,<br><br>           Defendants. | Case No. 2:09-CV-01933 JAM-EFB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO (1) ALTER/AMEND JUDGMENT PER RULE 59(E) FRCP, and (2) REMAND CASE TO STATE COURT PER 28 USC § 1447(c) |

    This matter comes before the Court on Plaintiff Jeffrey Phillips' ("Plaintiff") Motion to (1) Alter/Amend Judgment per rule 59(E) FRCP and (2) Remand case to state court per 28 USC § 1447(c) (Doc. #45). Defendant Fulton-El Camino Recreation and Parks District ("Defendant") opposes the motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 1, 2011.

1

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he volunteered his time as a part-time Ranger for Defendant beginning in 2004. In July 2007, Fulton-El Camino ended the Ranger program's use of volunteer Rangers and began paying both full and part time Rangers.  In July 2007, the Chief Rangers communicated to the Rangers at a meeting that Plaintiff attended that they were prohibited from volunteering their time and that they were required to fill out employment paperwork and to make sure they worked each month.  On or about July or August 2007, Plaintiff alleges that he requested a 90-day leave of absence from then Chief Ranger Bonine because he had to attend to issues involved in his military service.

On or about October or November 2007 through February 28, 2008, Plaintiff allegedly returned from his leave of absence and left messages requesting to be put back on a work schedule. Plaintiff alleges that he never received emails or a written notice that he was no longer a Ranger.  Defendant contends that in March 2008, Fulton El-Camino administrators separated Plaintiff's employment because there was no record of him working as a Ranger and that Ranger Bragg wrote Plaintiff a letter in March 2008 ending his employment with Defendant for not making himself available to work.  Defendant alleges that in or about March 2008, Ranger Bragg met with Plaintiff's wife at Mercy General Hospital, where Plaintiff was hospitalized, to inform her that Plaintiff was not working for Defendant and that he should return his badge. Plaintiff claims he was not formally informed of the termination until Defendant responded to his Notice of Claim in August 2008.
///

Plaintiff argues that he was not properly given an opportunity to contest the termination.

Plaintiff filed this action against Defendant in the California Superior Court for Sacramento County alleging two causes of action: (1) violation of Plaintiff's Fifth and Fourteenth Amendment rights; and (2) violation of the Public Safety Officers Procedural Bill of Rights Act, California Government Code Sections 3300 et seq. ("POBRA"). Defendant removed the action to this Court and filed a Motion for Summary Judgment/Summary Adjudication. The Court held a hearing on Defendant's Summary Judgment Motion on March 23, 2011. After considering the briefs and oral arguments, the Court granted Summary Judgment in favor of the Defendant. Plaintiff now brings this motion requesting that the Court reconsider its Order granting summary judgment in favor of Defendant on the Second Cause of Action, i.e. the POBRA claim, and remand that claim to state court.

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Alter/Amend Judgment

While Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003), quoting 12 James Wm. Moore et al., Moore's Federal Practice § 5930[4] (3d ed. 2000). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with

3

newly discovered evidence, committed a clear error, or if there is an intervening change in the controlling law." Id. (internal citations omitted). Moreover, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could have been raised earlier in the litigation." Id. Local Rule 230(j) specifies that when requesting a motion for reconsideration, the moving party must include "(1) when and to what Judge . . . the prior motion was made; (2) what ruling, decision or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j).

### B. Analysis

Plaintiff argues that the Court should alter or amend its judgment because it committed a clear error of law. Plaintiff contends that the POBRA applies whether or not there was an investigation and that Plaintiff did not knowingly or intelligently waive his rights to an administrative appeal. Defendant counters that no manifest error of law exists because the Court did not disregard controlling law or credible evidence when it found that Plaintiff failed to state a claim as a matter of law under POBRA sections 3303 and 3304(b). Defendant also argues that there was no error of fact because Plaintiff failed to appeal his separation once he had notice of it. Finally, Defendant points out that Plaintiff's knowing and intelligent waiver argument could have been raised earlier, and it is improper to raise it now.

///

POBRA, California Government Code Sections 3300 et seq., sets forth a number of basic rights and protections which must be accorded individual public safety officers by the public agencies which employ them.

Government Code § 3303 applies to investigations being made of sworn peace officers and states that when any public safety officer is under investigation and subjected to interrogation that could lead to punitive action, the peace officer maintains certain rights and protections during that process.  Government Code § 3303.

Section 3304 provides public safety officers with an administrative hearing.  Section 3304(b) states that "[n]o punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal."  Section 3304(b).  A punitive action is "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."  Section 3303.  Section 3304 requires only that an opportunity for administrative appeal be provided. It does not specify how the appeal process is to be implemented.  "The details of administrative appeal . . . are left to be formulated by the local agency."  Binkley v. City of Long Beach, 16 Cal. App. 4th 1795, 1806-07 (Cal. Ct. App. 2d 1993).

As Defendant properly argues, Plaintiff's case falls outside the protections of Section 3303 because that section applies to

investigations of sworn public safety officers.  The record is clear that at no time was Plaintiff investigated or interrogated.  Courts have interpreted Section 3303(i) to mean that it "excludes routine communication within the normal course of administering the department."  City of Los Angeles v. Superior Court of Los Angeles County, 57 Cal.App.4th 1506, 1514 (Cal. Ct. App. 2d 1997).  Defendant's search through its records to determine the hours Plaintiff worked was a routine administrative action and cannot be considered an investigation or interrogation triggering the protections of Section 3303.  Accordingly, the Court did not err when it held that Plaintiff failed to state a claim under Section 3303.

   Though Plaintiff alleges that he was not given proper notice of his separation from his volunteer position, he was not properly informed of his appellate rights to challenge the separation, and that he did not knowingly and intelligently waive his right to an administrative appeal, the Court's ruling that Plaintiff's claim under Section 3304(b)failed as a matter of law is not a clear error of law.  As a volunteer, Plaintiff was not entitled to a hearing.  To obtain an administrative hearing and to claim the due process protections provided by POBRA, Plaintiff must have had a property interest in his position.  See Skelly v. State Personnel Board, 15 Cal.3d 194, 206-07 (Cal. 1975).  As the Court previously held, Plaintiff did not have a protectable property or liberty interest in his job (Doc. #41).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."  Skelly v.

1  State Personnel Board, 15 Cal.3d 194, 206-07 (Cal. 1975), quoting
2  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Plaintiff
3  fails to provide the Court with any new authority holding that an
4  unpaid volunteer is entitled to an administrative appeal afforded
5  by the POBRA.
6      Furthermore, the language of the Act itself specifies that
7  POBRA applies only to employees, not volunteers, because the Act is
8  intended to create stable employment relations between public
9  safety officers and their employing agencies.  Section 3301 of the
10 Act states, "effective law enforcement depends upon the maintenance
11 of stable employer-employee relations, between public safety
12 employees and their employers."  Section 3301 (emphasis added).
13 The record is clear that Plaintiff was not an employee of
14 Defendant.  He never worked as a ranger, he was not compensated for
15 a single day of work as a ranger, and he had no log-ins in the
16 records system after July 22, 2006.  Because there is no authority
17 stating that POBRA Section 3304 applies to volunteers or was
18 intended to protect the due process rights of volunteers, the Court
19 did not err when it held that Plaintiff failed to state a claim
20 under California Government Code section 3303 or 3304(b).
21 Accordingly, Plaintiff's Motion to Alter/Amend Judgment per rule
22 59(e) is DENIED.
23     Additionally, since Plaintiff fails to state a claim under the
24 POBRA, Plaintiff's Motion for Remand is DENIED.[2]

---

[2] The Court notes that Plaintiff's argument the POBRA claim should be remanded to state court because Judge Burrell, in a related action, sent the remaining state law claim back to state court is unpersuasive.  Like this Court, Judge Burrell found that the Plaintiff in the related case did not have a protectable property or liberty interest in his job under the Fifth and Fourteenth Amendments.  Judge Burrell remanded the related case to state court

7

### III. ORDER

For the reasons set forth above,

Plaintiff's Motions to 1) Alter/Amend Judgment per rule 59(E) FRCP and (2) Remand case to state court per 28 USC § 1447(c) are DENIED.

IT IS SO ORDERED.

Dated: June 8, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

on the POBRA claim because he declined to exercise supplemental jurisdiction after dismissing all claims over which he had original jurisdiction. Judge Burrell did not address the merits of the POBRA claim. See Johnson v. Fulton-El Camino Recreation & Parks District, No. 09-01930 (E.D.Cal. Mar. 10, 2011).