UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY PHILLIPS | ) | Case No. 2:09-CV-01933 JAM-EFB |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR FEES AND COSTS |
| FULTON-EL CAMINO RECREATION & PARKS DISTRICT and DOES 1 to 50, | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant Fulton-El Camino Recreation & Parks District's ("Defendant") Motion for Fees and Costs (Doc. #43). Plaintiff Jeffrey Phillips ("Plaintiff") opposes the motion.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleged that he was improperly notified of his separation from Defendant as a volunteer part-time Ranger. Plaintiff filed suit against Defendant in the California Superior

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 1, 2011.

1

Court for Sacramento County alleging two causes of action: (1) violation of Plaintiff's Fifth and Fourteenth Amendment rights; and (2) violation of the Public Safety Officers Procedural Bill of Rights Act, California Government Code Section 3300, <u>et seq.</u> ("POBRA"). Defendant removed the action to this Court and filed a Motion for Summary Judgment/Summary Adjudication. The Court held a hearing on Defendant's Summary Judgment Motion on March 23, 2011. After considering the briefs and oral arguments, the Court granted Summary Judgment in favor of the Defendant on both causes of action. Defendant filed this motion requesting $9,179.61 in costs and $47,608.50 in fees. Since Plaintiff intended to file a Motion to Alter/Amend Judgment per Rule 59(E) FRCP (Doc. #45), the Court delayed deciding the instant motion until it disposed of the Motion to Alter/Amend Judgment. The Court denied Plaintiff's Motion to Amend/Alter the Judgment (Doc. #52).

## II. OPINION

A.  <u>Legal Standard</u>

1.  <u>Attorneys' Fees and Costs</u>

Defendant seeks fees and costs under 42 U.S.C. § 1988(b) and California Government Code § 3309.5(d)(2). A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 "only when the plaintiff's claims are unfounded, frivolous, meritless or vexatious." <u>Christiansburg Garment Co. v. Equal Employment Opportunity Commission</u>, 434 U.S. 412, 421 (1978) (internal citations omitted). An unfounded, frivolous, meritless, or vexatious lawsuit is one where "the result appears obvious or the arguments are wholly without merit." <u>Galen v.</u>

2

County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). Similarly, Government Code section 3309.5(d)(2) allows a court to award sanctions by way of reasonable expenses, including attorneys' fees, if the court finds that the action was in "bad faith or frivolous."

   B.   Claims for Relief

Defendant argues that as the prevailing party, it is entitled to reasonable attorneys' fees and costs because Plaintiff's action was frivolous and conducted in bad faith. Defendant argues there was no basis in law for Plaintiff's Fifth Amendment, Fourteenth Amendment, or POBRA claims. Defendant also characterizes Plaintiff's decision to file this action and his behavior during the litigation as acting in bad faith. Defendant alleges the lawsuit was brought to harass and annoy Defendant; the Complaint pled violation of the Fifth Amendment, despite the fact no interaction with the federal government was alleged; Plaintiff repeatedly refused to provide documents during discovery; and he rejected settlement offers.

Plaintiff concedes that Defendant is the prevailing party and that its attorney fee rates are reasonable. Plaintiff argues that his action was not frivolous because at the time of his separation of employment, Plaintiff believed he was a tenured employee and he characterizes his Fourteenth Amendment job abandonment claim as a watershed legal issue. Plaintiff asks the Court not to consider its conduct during discovery as evidence of the frivolity of the lawsuit.

1. <u>Frivolousness</u>

As discussed <u>supra</u>, a defendant may only collect fees if the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." <u>Karam v. City of Burbank</u>, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted). The "inability to defeat summary judgment does not mean that [Plaintiff's] claims were groundless at the outset. <u>Id.</u> at 1196.

The Court's decision granting Defendant's motion for summary judgment reflects its view that Plaintiff's claims had little legal support. However, the Court does not believe that this case was so frivolous that it should award attorneys fees to Defendant. Plaintiff's Complaint alleged violations of the Fifth Amendment, Fourteenth Amendment, and POBRA. While not a watershed legal issue, Plaintiff made a weak, yet plausible argument that his separation from his volunteer position created a badge of infamy, violating a protectable property interest. Plaintiff's POBRA claim also was not completely lacking in merit. While Plaintiff was unsuccessful in persuading this Court to extend POBRA's protections to volunteers, Plaintiff was able to cite to some authority in support of his arguments on this claim. Even though Plaintiff lost at the summary judgment stage and on his motion to alter/amend, Defendant and the Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." <u>Christiansburg</u>, 434 U.S. at 421-22. Accordingly, the Court finds that Plaintiff's claims were not groundless, frivolous or unreasonable.

2.  <u>Bad Faith</u>

> For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.

<u>Fink v. Gomez</u>, 239 F.3d 989, 992 (9th Cir. 2001) (internal citations omitted). "A specific finding of bad faith ... must 'precede any sanction under the court's inherent powers.'" <u>Id.</u> (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 767 (1980)).

Defendant's argument that Plaintiff filed this action in bad faith is unpersuasive. Defendant's evidence in support of its contention that Plaintiff brought this case in a bad faith effort to harass and annoy Defendant is insufficient to convince this Court that attorneys fees should be awarded on this basis. While Defendant's frustration is understandable, the Court's review of this record does not demonstrate that Plaintiff was motivated by vindictiveness, obduracy, or mala fides. Accordingly, the Court finds that Plaintiff did not conduct the litigation in bad faith.

### III. ORDER

For the reasons set forth above,

Defendant's Motion for fees and costs is DENIED.

IT IS SO ORDERED.

Dated:  June 27, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE